```
                     UNITED STATES DISTRICT COURT
                        DISTRICT OF NEW JERSEY
```

| | | |
|---|---|---|
| ANNA MARIE GALM, | : | Civil Action No. 06-3333(NLH) |
| Plaintiff, | : | |
| v. | : | **OPINION** |
| GLOUCESTOR COUNTY COLLEGE, INITIAL SECURITY; BERNARD URQUHART, MILTON CORSEY, | : | |
| Defendants. | : | |

**APPEARANCES:**

Sharon A. King, Esquire
King & King, LLC
231 S. Broad Street
Woodbury, NJ 08096

    *Attorney for Plaintiff Anna Marie Galm*

Christopher R. Gibson, Esquire
David A. Rapuano, Esquire
Archer & Greiner
A Professional Corporation
One Centennial Square
Haddonfield, NJ 08033

    *Attorneys for Defendants Gloucestor County College and Milton Corsey*

**HILLMAN**, District Judge

    This matter has come before the Court on Defendants' motion to dismiss certain claims of Plaintiff pursuant to Federal Civil Procedure Rule 12(b)(6). For the reasons expressed below, Defendants' motion will be granted.

### I.   BACKGROUND

    Plaintiff Anna Marie Galm is a former female employee of

Defendants Initial Security and Gloucestor County College ("GCC").  Between 1997 and 2002, Plaintiff provided security services to GCC campus through a variety of security firms, including Initial Security.  On or around October 18, 2002, Plaintiff was discharged from her position as Security Supervisor by Defendant Initial Security.  On July 23, 2006, and as amended a day later on July 24, 2006, Plaintiff filed an eight count complaint against GCC, Initial Security, her Initial Security supervisor, Bernard Urquhart, and the administrative dean of GCC, Milton Corsey.  Plaintiff alleged that Defendant Urquhart sexually harassed and terminated her on the basis of her gender. Plaintiff also alleged that Defendant Milton Corsey failed to investigate Urquhart's behavior or correct the misconduct despite the fact that Plaintiff complained to Corsey about Urquhart's conduct.  Plaintiff subsequently resolved her claims against Defendants, Initial Security and Bernard Urquhart, and filed a Stipulation of Dismissal as to these Defendants on December 21, 2006.  As to the remaining Defendants, GCC and Milton Corsey, Plaintiff claims that Defendants discriminated against, harassed, and wrongfully terminated Plaintiff on the basis of her gender. Plaintiff claims these actions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Counts I & II), 42 U.S.C. § 1981 (Count III), and the New Jersey Law Against Discrimination("NJLAD"), N.J.S.A. §§ 10:5-1 *et seq*; 10:5-12

(Counts IV, V, & VI).  Plaintiff also claims Defendants are liable for inflicting emotional distress (Counts VII & VIII).  For these alleged violations, Plaintiff requests compensatory and punitive damages as well as attorney fees and other costs of litigation.

Defendants GCC and Milton Corsey have moved to dismiss Plaintiff's § 1981 and NJLAD claims as well as Plaintiff's emotional distress claims (Counts Three, Four, Five, Six, Seven, and Eight).  In addition, Defendant Milton Corsey, individually, has moved to dismiss Counts One and Two against him.  Plaintiff has opposed Defendants' motion.

## II.  ANALYSIS

### A.  Motion to Dismiss Standard

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim.  Bogosian v.

3

Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977).  However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1969 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)).  A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss.  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997).  The defendant bears the burden of showing that no claim has been presented.  Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

Finally, a court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice. Southern Cross Overseas Agencies, Inc. v. Kwong Shipping Group

4

Ltd., 181 F.3d 410, 426 (3d Cir. 1999). A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56. Fed. R. Civ. P. 12(b).

### B. Plaintiff's Title VII discrimination claims against Milton Corsey as an individual and in his official capacity (Counts One and Two)

Plaintiff has brought Title VII claims against Milton Corsey in his individual and official capacity. She has not alleged that Corsey was her employer. The Third Circuit has held that individual employees cannot be held liable under Title VII. See Emerson v. Thiel Coll., 296 F.3d 184 (3d Cir. 2002) (stating that individual employees cannot be held liable under Title VII); Kachmar v. Sungard Data Sys., Inc., 100 F.3d 173 (3d Cir. 1997) (same); Sheridan v. E.I. Dupont de Nemours and Co., 100 F.3d 1061 (3d Cir. 1996) (stating that " . . . Congress did not intend to hold individual employees liable under Title VII."); Dici v. Commonwealth of Pennsylvania, 91 F.3d 542 (3d Cir. 1996) (finding that employees are not liable under Title VII). Although conceding that Corsey cannot be held liable individually,

5

Plaintiff maintains that her Title VII claims can proceed against Corsey in his official capacity, and cites to In Re Montgomery County, 215 F.3d 367 (3d. Cir. 2000) and Koslow v. Commonwealth of Pennsylvania, 302 F.3d 161 (3d. Cir. 2002).  Although Montgomery County and Koslow indicate that Title VII suits can be brought against individual employees in their official capacities, those cases are distinguishable from the case at bar. Montgomery County was not a Title VII case.  The Court explained in dicta that the district court had mistakenly characterized it as a Title VII suit in its discussion on qualified immunity. Montgomery County, 215 F.3d at 372-73 (stating "[u]nder Title VII, a public official may be held liable in her official capacity only, making the doctrine of qualified immunity, which protects only against personal liability, inapplicable.") (citations omitted).  Since Montgomery County was not a Title VII case it did not, and could not, address the issue at bar - whether a Title VII claim seeking damages may proceed against an employee in his or her official capacity.  In Koslow, the plaintiff sought prospective injunctive relief against the individual employee in his official capacity, not monetary damages.  Id. 302 F.3d at 177-78.  Thus, neither Montgomery County nor Koslow is controlling authority here.

In this case, Plaintiff has brought Title VII claims against her employer and against Corsey in his official capacity seeking

6

monetary relief.  In a case affirmed by the Third Circuit, Foxworth v. Pa. State Police, 2005 WL 840374, *4 (E.D.Pa. 2005) aff'd 2007 WL 295358 (3d. Cir. 2007), the Court dismissed plaintiff's Title VII racial discrimination claims against the individual employees in their official capacities where the plaintiff had already sued his employer for those same Title VII claims.  The court explained that "because the only proper defendant in a Title VII case is the 'employer,' pursuing such claims against individuals in their official capacities would be redundant." Id. (citing Kim v. City of Philadelphia, 1997 WL 277357, *1 (E.D. Pa. 1997)); accord Acevedo v. Monsignor Donovan High Sch., 420 F. Supp. 2d 337, 346, n. 14 (D.N.J. 2006) (deciding an ADEA claim and explaining in dicta that the traditional rationale of permitting suits against individuals in their official capacities was to facilitate discovery or avoid sovereign immunity issues, and such rationale is not present in Title VII suits because employers are subject to suit under Title VII); Moss v. W & A Cleaners, 111 F. Supp. 2d 1181, 1187 (M.D.Ala. 2000)(finding that if a Title VII plaintiff names his employer as a defendant, the employer's agents also named in the complaint may be dismissed from the action since such actions against the employer's agents are redundant and unnecessary); Schanzer v. Rutgers Univ., 934 F. Supp. 669, 678 n. 12 (D.N.J. 1996) (stating that "[a] suit against a supervisory employee in

her official capacity is a suit against the individual in name only; it operates in all respects as a suit against the employer.").

Here, since Plaintiff has requested no injunctive relief against Corsey, but only monetary damages which cannot be obtained from Corsey under Title VII, we find there is no purpose in keeping him in this lawsuit where the only relief that could possibly be awarded to Plaintiff will come from the employer, who is a defendant. Accordingly, Plaintiff's Title VII claims against Milton Corsey (Counts I & II) are dismissed.

### C.  Plaintiff's 42 U.S.C. § 1981 claims against Defendants (Count Three)

Plaintiff alleges that she was discriminated against on the basis of her gender and contends that this alleged gender discrimination violated 42 U.S.C. § 1981. Section 1981 provides, in pertinent part, that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State . . . to make and enforce contracts . . . as is enjoyed by white citizens . . . ." 42 U.S.C. § 1981. The Third Circuit has stated that "[b]ecause [42 U.S.C. 1981], on its face, is limited to issues of racial discrimination in the making and enforcing of contracts, courts have concluded that sex-based claims are not cognizable under 42 U.S.C. 1981." Anjelino v. New York Times Co., 200 F.3d 73, 98 (3rd Cir. 1999); see also, Milner v.

8

National School of Health Technology, 409 F. Supp. 1389, 1395 (E.D.Pa. 1976); Runyon v. McCrary, 427 U.S.160 (1976) (dictum - establishing that gender discrimination was not implicated in the case because 42 U.S.C. 1981 is not addressed to gender or religious discrimination).  Plaintiff, however, makes no claim of any form of race discrimination, only sex-based discrimination.[1]  Accordingly, Plaintiff's claims of gender discrimination under § 1981 (Count III) are dismissed because the statute does not offer relief for gender discrimination claims.

### D.  Plaintiff's New Jersey Law Against Discrimination claims against Defendants (Counts Four, Five, and Six)

Plaintiff alleges that Defendants violated Plaintiff's rights under the NJLAD by discriminating against Plaintiff in the terms and conditions of employment, by retaliating against her, and by wrongfully discharging her.  The current statute of limitations for actions under NJLAD is two years.  Montells v. Haynes, 627 A.2d 654, 655 (N.J. 1993); Wilson v. Wal-Mart Stores, 729 A.2d 1006, 1010 n.2 (N.J. 1999).  In Montells, the court determined that the two year limitations period would apply to all NJLAD cases which arose after the date of that decision, July 27, 1993.  Plaintiff alleges she was terminated from her position by her employer, Defendant Initial Security, on October 18, 2002.  The two year statute of limitations began to run on that date

---

[1] Plaintiff provided no response to Defendants' motion to dismiss her § 1981 claims.

9

and, unless tolled, expired on October 17, 2004.  Plaintiff filed her initial complaint on July 23, 2006.

In Wilson, the Supreme Court of New Jersey recognized a continuing violation theory, under which the statute of limitations on an NJLAD claim would only run after a period or series of continuous violations had ceased.  Wilson at 1010-11; see also Mancini v. Township of Teaneck, 794 A.2d 185 (N.J. Super. Ct. App. Div. 2002).  In the instant case, the continuing violation theory does not apply.  Plaintiff has not alleged that any actionable conduct by the Defendant occurred after the date of her termination.  As such, the last possible date of any continuing violation is the date of termination, October 18, 2002.  Since Plaintiff's claims were not filed until July 23, 2006 and there appears to be no basis for tolling the statute of limitations[2], Counts Four, Five and Six of Plaintiff's Complaint, alleging NJLAD violations, are dismissed.

### E.  Plaintiff's claims of Intentional and Negligent Infliction of Emotional Distress against Defendants (Counts Seven and Eight)

Plaintiff alleges that Defendants' discriminatory conduct amounted to intentional infliction of mental distress and negligent infliction of emotional distress against Plaintiff.  However, the statute of limitations for personal injury tort

---

[2] Plaintiff provided no response to Defendants' motion to dismiss her NJLAD claims nor provided a basis on which to toll the statute of limitations.

claims, including negligent and intentional infliction of emotional distress, is two years.  N.J.S.A 2A:14-2; Fraser v. Bovino, 721 A.2d 20, 25 (N.J. Super. Ct. App. Div. 1998), certif. denied, 734 A.2d 791 (N.J. 1999); see also Fleming v. United Parcel Service, 604 A.2d 657, 685 (N.J. Super. Ct. Law Div. 1992).  As stated above, Plaintiff alleges she was terminated as a result of discrimination on October 18, 2002, and her complaint alleges no conduct in support of her claim for emotional distress after that date.  Consequently, the limitations period for Plaintiff's emotional distress claims expired on October 17, 2004 and there is no apparent basis for tolling the statute of limitations.  As such, Plaintiff's claims alleging intentional and negligent infliction of emotional distress (Counts VII & VIII) are dismissed.

### III.   CONCLUSION

For the reasons expressed above, Plaintiff's claims under 42 U.S.C. § 2000(e) *et seq* (Counts I & II) as against Defendant Milton Corsey must be dismissed.[3]  Plaintiff's claims under 42 U.S.C. § 1981 (Count III) as to all Defendants must be dismissed. In addition, Plaintiff's claims under the New Jersey Law Against Discrimination (Counts IV-VI) and her claims for Negligent and

---

[3] Counts One and Two as to Defendant GCC are not dismissed and are the only remaining claims.

Intentional Infliction of Emotional Distress (Counts VII-VIII) as to all Defendants must be dismissed.  An appropriate Order will issue.

                                                                             s/Noel L. Hillman  
                                                           NOEL L. HILLMAN, U.S.D.J.  
At Camden, New Jersey

Dated: August 22, 2007